# NO. 12-08-00395-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROY GENE PIERCE,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Roy Gene Pierce appeals his conviction for driving while intoxicated. In two issues, Appellant argues that the evidence is legally and factually insufficient to prove that he drove while intoxicated. The State did not file a brief. We affirm.

### BACKGROUND

A citizen observed Appellant driving his vehicle erratically. Specifically, he watched as Appellant drove very slowly, ran off the road, and drifted across the center line. He followed Appellant, and they both stopped at a convenience store. Appellant could not get his driver's side door to open, so he climbed out of the window and staggered into the store. The citizen observed that it appeared Appellant had urinated on himself.

Convinced that Appellant should not be driving, the citizen called the police. He also approached Appellant's vehicle to remove the keys. He could not find the keys, but he did see a liquor bottle and an empty beer can in the floorboard of the truck. Appellant returned to the truck, but the citizen insisted that he not drive, and the two waited for the police.

Two Nacogdoches city police officers arrived. Appellant told one of the officers that he had driven to the convenience store and had been drinking. Both officers noticed a strong odor of alcohol on Appellant's breath and that Appellant had slurred speech, glazed eyes, and an unsteady walk. The officers also observed that Appellant had urinated on himself and saw empty beer cans in the vehicle.

Appellant refused to perform sobriety tests at the convenience store. He also refused to submit to a breath test. After concluding that Appellant was intoxicated, the officers arrested him for driving while intoxicated.

A Nacogdoches County grand jury indicted Appellant for the offense of driving while intoxicated. The grand jury alleged that the offense was a felony because Appellant had two prior convictions for driving while intoxicated. The grand jury also alleged that Appellant had previously been convicted of two prior felony offenses, that he had been convicted of both offenses before the commission of the instant offense, and that he had been convicted of the first before the commission of the second. Appellant pleaded not guilty to the charge of driving while intoxicated and not true to the allegation that he had two prior driving while intoxicated convictions. The jury found Appellant guilty as charged. Appellant then pleaded not true to the allegation that he had sequential prior convictions for felony offenses. The jury found the sentencing enhancement to be true and assessed punishment at imprisonment for seventy–five years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In two issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction. Specifically, Appellant argues that the evidence is insufficient to establish that he was intoxicated.

### Standard of Review

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable

doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the jury's verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Id.*; *see Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." *Ortiz v. State*, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); *Sims v. State*, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).

Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The legal and factual sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240

(Tex. Crim. App. 1997); *see **Wooley v. State***, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

As alleged in the indictment, the State was required to prove that Appellant drove a motor vehicle in a public place while intoxicated and that he had two prior convictions for driving while intoxicated. TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (Vernon 2003 & Supp. 2008). As relevant here, a person is intoxicated if he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *See* TEX. PENAL CODE ANN. § 49.01(2) (Vernon 2003).

**Analysis**

Appellant argues that there was insufficient evidence to show that he was intoxicated because there was no video tape of his encounter with the police, he did not perform field sobriety tests, and he did not consent to a breath test. We disagree.

Any issue in a criminal case may be proven circumstantially. *See **Jordan v. State***, 707 S.W.2d 641, 644–45 (Tex. Crim. App. 1986). In this case, the State presented direct opinion testimony as well as convincing circumstantial evidence that Appellant was intoxicated. The witness who called the police testified that he observed Appellant driving erratically. Specifically, he saw Appellant drive very slowly, cross the center line, and go off the traveled portion of the roadway. At the convenience store, he saw Appellant climb out of the window of his vehicle and stagger into the convenience store. The witness also noted an empty liquor bottle and beer can in Appellant's vehicle and testified that he thought Appellant was intoxicated.

One of the police officers testified that Appellant admitted he had driven to the convenience store and had been drinking. Both officers testified that they observed a strong odor of alcohol on Appellant's breath and that Appellant had slurred speech, glazed eyes, and an unsteady walk. They testified that Appellant had urinated on himself and that there were empty beer cans in Appellant's vehicle. Both officers stated their opinion that Appellant was intoxicated.

4

The State offered evidence that Appellant had twice before been convicted of driving while intoxicated and that he drove the vehicle in a public place. Viewing the evidence in the light most favorable to the jury's verdict, the jury could have reasonably concluded that Appellant was intoxicated, that he drove a vehicle in a public place, and that he had two prior convictions for driving while intoxicated. Therefore, the evidence is legally sufficient to support the jury's verdict.

With respect to the factual sufficiency of the evidence, our review of the evidence without the light most favorable to the verdict reveals some evidence that is contrary to the verdict. Specifically, Linda Lewis, Appellant's sister, testified that Appellant had several physical problems that could cause someone to conclude that Appellant was intoxicated when he was not. Lewis claimed that previous physical injuries caused Appellant to shake, to have difficulty conversing, to have trouble hearing, to have bad eyesight, and to limp. Also, as Appellant notes, there was no physical evidence in the form of an analysis of Appellant's blood or breath alcohol concentration and there was no video tape of Appellant's arrest.

We conclude that the evidence is factually sufficient to support the verdict. Our review of the record as a whole, with consideration given to all of the evidence both for and against the jury's finding, has not caused us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. We overrule Appellant's first and second issues.

### DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered May 29, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5